IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   )<br>   Plaintiff, )<br>   )<br>-vs- )<br>   )<br>JOSHUA MICHAEL MAYDEN, )<br>And TOMAS GARCIA MARTINEZ, )<br>   )<br>   Defendant. ) | No. CR-20-252-PRW |

**PRELIMINARY ORDER OF FORFEITURE**

The Court has reviewed the United States' Motion for a Preliminary Order of Forfeiture (Dkt. 73). The Court finds:

As a result of Defendant Tomas Garcia Martinez's guilty plea to Count 10 of the Indictment filed October 7, 2020, for which the United States sought forfeiture, Mr. Garcia shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, including but not limited to the following:

    A.    approximately $237,480.00 in U.S. currency; and

    B.    approximately $15,540.00 in U.S. currency.

As a result of Defendant Joshua Michael Mayden's guilty plea to Counts 6 and 8 of the Indictment filed October 7, 2020, for which the United States sought forfeiture, Mr. Mayden shall forfeit to the United States any property constituting, or derived from, any

proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense and any and all firearms and ammunition involved in the commission of the offense, including but not limited to the following:

    A.    approximately $12,637.00 in U.S. currency;

    B.    approximately $1,142.00 in U.S. currency;

    C.    approximately $237,480.00 in U.S. currency;

    D.    approximately $15,540.00 in U.S. currency;

    E.    Smith & Wesson, model 22A-1, .22 caliber semi-automatic pistol with case, bearing serial number UBS2894;

    F.    three boxes of .22 caliber ammunition; and

    G.    any and all magazines and ammunition not otherwise specified.

The Court has determined, based on Defendants' plea, that the above specific property (hereinafter the "Subject Property") is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), and that the United States has established the requisite nexus between such property and the offense.

Upon entry of this Order, the United States is authorized to seize the listed property in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with Title 21, United States Code, Section 853(n), governing third party rights, including giving notice of this Order.

The United States shall publish on the United States' official Internet website, www.forfeiture.gov, in accordance with Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a copy of this order and notice of the United States' intent to dispose of the property in such a manner as the Attorney General may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property, pursuant to Title 21, United States Code, Section 853(n)(1).

Any person, other than the above-named Defendants, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to Title 21, United States Code, Section 853(n)(2)-(6).

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Mr. Garcia and Mr. Mayden at sentencing—or before sentencing if Mr. Garcia or Mr. Mayden consent—and the Court must include the forfeiture when orally announcing the sentence or must otherwise ensure that Mr. Garcia and Mr. Mayden know of the forfeiture at sentencing.  The Court must also include the forfeiture order, directly or by reference, in the judgment.  If no third-party files a timely claim, this

3

Order shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n)(3).

The United States shall have clear title to the Subject Property following the Court's disposition of all third party interests, or, if none are asserted, following the expiration of the period provided in Title 21, United States Code, Section 853(n), for the filing of third party petitions, pursuant to Title 21, United States Code, Section 853(n)(7).

The Court shall retain jurisdiction to enforce and amend this Order as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED** this 29th day of July 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE